UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RANDY EVAN DARBY** | **CIVIL ACTION NO. 10-1193-P** |
| **VERSUS** | **JUDGE HICKS** |
| **ANGIE HUFF, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Randy Evan Darby ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 12, 2010. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names Angie Huff, Jerry Goodwin, Cpt. Lee, Sgt. Young, Sgt. McCoy, Nurse Jackie, and Cpt. Scriber as defendants.

Plaintiff claims he is being denied the right to safe living conditions and that prison officials are being deliberately indifferent to a known hazard. Plaintiff claims that for months, he and other inmates on the N4 B tier notified prison officials about the slippery floors on their tier. He claims that on January 14, 2010, he wrote Warden Jerry Goodwin and Warden Huff regarding the slippery floors. He claims that as a result of his letters,

some staff members voluntarily placed wet floor signs on the tier when the floors became too slippery to walk on. Plaintiff claims that the placement of the wet floor signs on the tier is not a prison policy.

Plaintiff claims that on April 30, 2010, he noticed that the floors were very slippery because of humidity. He claims he and other inmates informed Sgt. Young of the floor conditions. He claims Sgt. Young told them not to worry and that they could make it to and from the shower. He claims Sgt. Young did nothing about the slippery floors and left the tier. He claims Sgt. Young later informed him that he spoke to Cpt. Lee about the floors and he told him to not worry and to start the showers.

Plaintiff claims the additional moisture from the showers made the floors even more slippery. He claims that on the way to his cell after his shower, he slipped and fell on his left side and arm. He claims he felt a shocking pain in his neck and back. Plaintiff claims he stayed on the floor for approximately 30 minutes. He claims he was unable to get up by himself because he was in extreme pain.

Plaintiff claims Cpt. Lee, Cpt. Scriber, Sgt. Bruce Young, Sgt. McCoy and Nurse Jackie came to help him. He claims he was placed in restraints. He claims that when Nurse Jackie was questioning him about the incident, Cpt. Lee, Cpt. Scriber, and Sgt. Young interrupted him and told Nurse Jackie that he was fine. Plaintiff claims he told Nurse Jackie that he could not get up because he could not put pressure on his leg because it was numb and he had pain in his hip and back.

Plaintiff claims Cpt. Lee, Cpt. Scriber and Sgt. Young pulled on him and grabbed

him in the air in an attempt to hoist him on his feet.  He claims their actions caused him intense pain and he screamed.  He claims they then dropped him to the ground.  Plaintiff claims Nurse Jackie then allowed the officers to pick him up again and carry him to his cell without neck or back support.  He claims the pain and suffering were unbearable.

Plaintiff claims the next morning, Cpt. Lee and Sgt. Young removed his mattress from his cell for six days because he was in isolation.  He claims he was forced to lie on the concrete slab from 5:00 a.m. until 9:30 p.m. and that this increased his pain and suffering.  Plaintiff claims that on May 2, 2010, Sgt. Young again removed his mattress from his cell.

Plaintiff claims that on May 3, 2010, he was examined by Dr. Fuller.  He claims the doctor told him that he would be x-rayed and gave him pain medication.  Plaintiff claims the doctor refused him a temporary duty status regarding a mattress while in isolation.  Plaintiff claims the x-ray was not performed until October 18, 2010.  Plaintiff claims an MRI should have been performed or her should have been seen my an orthopedic doctor.

Plaintiff claims Angie Huff and Jerry Goodwin failed to properly train their officers.

As relief, Plaintiff seeks monetary compensation.  For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**CONDITIONS OF CONFINEMENT**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere

neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997). Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

**Slippery Floors**

The court finds that water on the floor does not create a substantial risk of serious harm. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995). Thus, Plaintiff's claim has failed to satisfy the first component of an Eighth Amendment claim.

Furthermore, Plaintiff admits that staff members voluntarily placed wet floor signs on the tier when the floors became too slippery to walk on. The court finds that prison officials did not act with deliberate indifference regarding the slippery floors. Thus, Plaintiff's claim has failed to satisfy the second component of an Eighth Amendment claim.

### Transportation

The court finds that prison officials did not act with deliberate indifference when they attempted to hoist him to his feet and dropped him or carried him to his cell without neck or back support. Mere negligence does not constitute deliberate indifference. Thus, Plaintiff's claim has failed to satisfy the second component of an Eighth Amendment claims.

**Mattress**

Plaintiff claims Cpt. Lee and Sgt. Young removed his mattress from his cell for six days because he was in isolation. He claims he was forced to lie on the concrete slab from 5:00 a.m. until 9:30 p.m. and that this increased his pain and suffering. Plaintiff does *not* complain that he was deprived of his mattress during sleep hours. After considering the duration and totality of the specific circumstances that constituted the conditions of Plaintiff's confinement, this court finds the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324 and Hadwin v. Stalder, 196 Fed.Appx. 293, 2006 WL 2474763 (C.A. 5 (La.)). Thus, Plaintiff's claim has failed to satisfy the first component of an Eighth Amendment claim.

Accordingly, Plaintiff's claim regarding the conditions of his confinement should be dismissed with prejudice as frivolous.

**MEDICAL TREATMENT**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the

evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits that on May 3, 2010, he was examined by Dr. Fuller. He

further admits he was given pain medication. However, he disagrees with the medical treatment he received. He claims he should have been given a duty status, he should have had an MRI, he should have had the x-ray sooner, and been seen by an orthopedic doctor. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's claims regarding his medical treatment should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 30th day of August 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE